## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:06cv43

| | |
|---|---|
| TAMRA DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM** |
| ) | **OF DECISION** |
| SPECIAL METALS CORPORATION; ) | |
| SPECIAL METALS WELDING ) | |
| PRODUCTS COMPANY d/b/a SPECIAL ) | |
| METALS CORPORATION d/b/a SPECIAL ) | |
| METALS CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant Special Metals Corporation's Motion to Dismiss (#8) under Rule 12(b)(6), Federal Rules of Civil Procedure, and the court's own Motion to Dismiss for abuse of process.

On or about July 15, 2005, plaintiff filed <u>Tamra Duncan v. Special Metals Corp., et al.</u>, 5:05cv225 (W.D.N.C.). On March 27, 2006, plaintiff filed this action, which is in all respects identical to 5:05cv225. When the Amended Complaints in each action are reviewed side-by-side, they are virtually identical except for a misnumbering attributable to plaintiff creating a blank paragraph 15 in the Amended Complaint herein and adding a few extra sentences. A party has absolutely "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d Cir.1977). Where a court becomes aware of such a redundant filing, the appropriate course of action is to dismiss the "second complaint without prejudice or . . . stay[] proceedings in the second action until judgment was entered in the first." <u>Id.</u> Since the decision of the Court of Appeals for the Third Circuit in 1977, the

*Civil Justice Reform Act* and its progeny have mandated that courts expedite the resolution of cases and have discouraged docket congestion. Inasmuch as the court can see absolutely no reason or value in allowing the second filed action to occupy the docket, even in a stayed status, the court will dismiss this action without prejudice in deference to the first filed action.

Counsel for plaintiff is cautioned, however, that the second filing of this action gives the appearance of a filing for an improper purpose, and great care should be used in opening new cases. See Fed.R.Civ.P. 11(b)(1). While this court will not impose sanctions, a copy of this Order will be certified to Honorable David Keesler, United States Magistrate Judge, as the presiding judicial officer in 5:05cv225.

The court will, therefore, dismiss this second action without prejudice in deference to the first filed action in 5:05cv225. Walton v. Eaton Corp., supra. A judgment consistent with this decision is entered simultaneously herewith.

Signed: September 19, 2006

Dennis L. Howell
United States Magistrate Judge